UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andre McGowan,                                                     Case No. 1:17-cv-2225

             Petitioner,

v.                                                           MEMORANDUM OPINION
                                                                    AND ORDER

Lyneal Wainwright, Warden,

             Respondent.

## I. INTRODUCTION

Petitioner Andre McGowan has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Ashtabula County, Ohio Court of Common Pleas on charges of robbery and kidnapping. (Doc. No. 1). Magistrate Judge Johnathan D. Greenberg reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 15). McGowan filed objections to Judge Greenberg's Report and Recommendation. (Doc. No. 18). McGowan also filed a motion for a certificate of appealability. (Doc. No. 19). For the reasons stated below, I overrule McGowan's objections, adopt Judge Greenberg's Report and Recommendation, and deny McGowan's motion.

## II. BACKGROUND

In July 2014, McGowan was indicted by an Ashtabula County Grand Jury on six charges relating to two separate bank robberies. In connection with a robbery occurring on June 24, 2014, McGowan was indicted on one count of robbery, in violation of Ohio Revised Code § 2911.02 (Count One); one count of kidnapping, in violation of Ohio Revised Code § 2905.01 (Count Two);

and one count of theft, in violation of Ohio Revised Code § 2913.02 (Count Three). In connection with a March 15, 2014 robbery, he was indicted on one count of robbery, in violation of Ohio Revised Code § 2911.02 (Count Four); one count of kidnapping, in violation of Ohio Revised Code § 2905.01 (Count Five); and one count of grand theft, in violation of Ohio Revised Code § 2913.02 (Count Six).

McGowan filed a motion for relief from prejudicial joinder, arguing the two incidents should be tried separately. *See Ohio v. McGowan*, 2015-Ohio-4430, 2015 WL 6449139, at *3 (Ohio Ct. App. Oct. 26, 2015). The trial court agreed and granted McGowan's motion. His first trial involved the June 24 incident and commenced on October 27, 2014. He was found guilty of Count One (robbery) and Count Three (theft) but not guilty of Count Two (kidnapping). His trial concerning the March 15 incident began on December 8, 2014, and he was found guilty on Counts Four, Five, and Six.

The trial court determined that Counts One and Three would merge for the purpose of sentencing, as would Counts Four, Five and Six. The state elected to have the trial court sentence McGowan for Count One (robbery) and Count Five (kidnapping). McGowan was sentenced to three years for Count One and seven years for Count Five. He also was sentenced to five years of post-release control, which subsequently was reduced to a three-year term following McGowan's *pro se* application to reopen his appeal pursuant to Ohio Appellate Rule 26 (B).

McGowan does not object to Judge Greenberg's description of the factual and procedural background of his state court proceedings. (Doc. No. 18). Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 15 at 2-18).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and

2

recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

McGowan presents the following grounds for relief:

**Ground One**: Appell[ate] counsel Michelle French was ineffective for failure to raise issues of valid complaint.

> **Supporting Facts**: Trial court lacked subject matter jurisdiction when the municipal court failed to have the complaint signed under oath before binding charges over to the grand jury for indictment to the common pleas court.

3

**Ground Two**: Appellate counsel Michelle French was ineffective for failing to raise speedy trial violations.

**Supporting Facts**: The Petitioner was indicted under (6) six counts. Trial counsel file[d for] relief from prejudicial joinder under on indictment. The Petitioner was given (2) two separate trials in which (1) one trial was beyond the (90) ninety day time limitation. Dec. 8, 2014 trial should have been dismissed.

**Ground Three**: Appellate counsel Michelle French was ineffective for failing to raise the court's denial of [the] suppression motion.

**Supporting Facts**: Petitioner asserts that while he did waive his Miranda rights prior to confessing to the first Merit Bank robbery (occurring on June 24, 2014), he did not waive his rights prior to confessing to the Key Bank robbery (occurring on March 15, 2014) as only one waiver was provided and both confessions were not recorded.

**Ground Four**: Appellate counsel was ineffective for failing to raise allied offense merger and lesser included offense on direct appeal.

**Supporting Facts**: Trial court committed plain error by entering a judgment of conviction on kidnapping with robbery as the underlying predicate offense. No lesser included offense explained to the jury on kidnapping charges – which is error.

(Doc. No. 1 at 5-10).

A habeas petitioner must show "his counsel's performance was deficient and that it prejudiced him" in order to prevail on an ineffective assistance of counsel claim. *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel's representation fell below an objective standard of reasonableness[,]' [while p]rejudice means 'there is a reasonable probability that, but for counsel's unprofessional errors [i.e., deficient performance], the result of the proceeding would have been different.'" *Nichols*, 725 F.3d at 539 (quoting *Strickland*, 466 U.S. at 688, 694)).

When asserting an ineffective-assistance claim in a habeas petition, the petitioner must show "the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of'

*Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nichols*, 725 F.3d at 540 (quoting 28 U.S.C. § 2254(d)). Thus, the AEDPA mandates that a habeas court's review of the state court's ineffective-assistance analysis is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 189-90 (2011) (citations omitted).

Judge Greenberg reviewed the parties' arguments and the state-court record. He recommends I conclude all four grounds lack merit because the appellate court reasonably concluded appellate counsel was not ineffective in failing to (a) challenge the validity of the criminal complaint (Ground One); (b) raise state and federal speedy trial claims (Ground Two); (c) challenge the denial of McGowan's motion to suppress (Ground Three); or (d) raise claims concerning allied offense merger and lesser included offenses (Ground Four).

McGowan specifically objected to Judge Greenberg's conclusions regarding Grounds Two and Four. McGowan has waived further review of the issues covered in Grounds One and Three by failing to object to Judge Greenberg's analysis of those issues. *See Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

A. **GROUND TWO**

In Ground Two, McGowan contends his appellate attorney was ineffective because she failed to raise the alleged violation of McGowan's speedy trial rights under state and federal law. Judge Greenberg rejected this ground for relief, finding the state appellate court reasonably concluded the trial court's calculations of the tolling of the speedy-trial clock complied with state law and that McGowan fails to show there is a reasonable probability he might have prevailed on a federal speedy-trial claim. (Doc. No. 15 at 28-35). McGowan objects, arguing "[g]iven the mandatory language of the fast and speedy rules, [he] *cannot* be faulted for *any* periods of delay, over his express objections . . . . Thus, this court's failure to review the merits of McGowan's claims would 'result in a fundamental miscarriage of justice.'" (Doc. No. 18 at 1-2 (emphasis in original)).

5

McGowan's objections are not persuasive. Ohio law expressly provides for the exclusion of certain time periods from the calculation of the number of days before which a defendant must be brought to trial. *See, e.g., Ohio v. Blackburn*, 887 N.E.2d 319, 321 (Ohio 2008) ("A person's speedy-trial time . . . may be tolled under certain circumstances." (citing Ohio Rev. Code § 2945.72)); *Ohio v. Pachay*, 416 N.E.2d 589, 591 (Ohio 1980) ("Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates [including to exclude certain time periods from the running of the speedy-trial clock] evident in these statutes.").

The Third District Court of Appeals correctly noted that, because he was in custody while awaiting trial, Ohio Revised Code § 2945.71 required McGowan to be tried within 90 days after his arrest, and that his first trial began 124 days after his arrest. (Doc. No. 10-1 at 252-54). The appellate court concluded the speedy trial clock was tolled for a total of 74 days by McGowan's motions to suppress and for discovery, a bill of particulars, and relief from prejudicial joinder, pursuant to Ohio Revised Code § 2945.72(E). (*Id.* at 253). *See also Ohio v. Brown*, 781 N.E.2d 159, 161 (Ohio 2002) (holding "a demand for discovery or a bill of particular is a tolling event pursuant to [O.]R.C. § 2945.72(E)); *Ohio v. Gartrell*, 24 N.E.3d 680, 709 (Ohio Ct. App. 2014) (defendant's motion to suppress tolls the speedy trial clock); *Ohio v. Crawford*, 2019-Ohio-3123, 2019 WL 3522452, at *6 (Ohio Ct. App. 2019) (A defendant's motion for relief from prejudicial joinder tolls the speedy trial clock for a "reasonable period" to permit the trial court to rule on the motion.).

The appellate court also concluded the speedy trial clock stopped on the first day of McGowan's first trial, and that none of the days between that day and the beginning of the second trial counted toward the statutory calculation, because, under § 2945.72(E), the delay prior to the second trial was attributable to McGowan's motion to sever and the attendant continuance of the trial on Counts 4, 5, and 6. (*Id.*).

6

McGowan fails to identify any error in the manner in which the appellate court calculated his speedy-trial window under Ohio law. Moreover, his conclusory assertion that he cannot be faulted for any periods of delay is both unsupported and contrary to the explicit language of Ohio Revised Code § 2945.72.

McGowan's federal claim fares no better. A defendant's Sixth Amendment speedy-trial right is not defined by a hard-and-fast deadline. *Barker v. Wingo*, 407 U.S. 514, 521 (1972) ("It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate."); *see also Beavers v. Haubert*, 198 U.S. 77, 87 (1905) ("The right of a speedy trial is necessarily relative."). McGowan also fails to demonstrate that his Sixth Amendment rights were violated by the passage of just over five months between his June 24, 2014 arrest and the first day of his second trial, December 8, 2014. *See Brown v. Romanowski*, 845 F.3d 703, 713 (6th Cir. 2017) ("[A] five month delay . . . is not 'uncommonly long.'") (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)).

I conclude McGowan fails to show his appellate attorney committed any error in failing to raise a speedy trial claim on appeal, much less that this purported error was objectively unreasonable or that McGowan suffered prejudice as a result. I overrule his objection and adopt Judge Greenberg's recommendation concerning Ground Two.

B. **GROUND FOUR**

In Ground Four, McGowan asserts his attorney was ineffective because she failed to raise the trial court's alleged error in merging the kidnapping and robbery convictions arising from his second trial and sentencing him on the second-degree-felony kidnapping conviction rather than the third-degree-felony robbery conviction. McGowan argues this decision was erroneous because the actions giving rise to the kidnapping charge happened during the robbery and, therefore. the

7

kidnapping charge should have been considered a lesser-included offense and not an allied offense subject to merger. (*See* Doc. No. 18 at 2).

Under Ohio law, one charged offense is a lesser-included offense of another "only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed[,] and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *Ohio v. Kidder*, 513 N.E.2d 311, 314–15 (Ohio 1987) (citation omitted). Involuntary manslaughter is a lesser-included offense of aggravated murder because the offense of aggravated murder contains all of the elements necessary to commit involuntary manslaughter, but requires the defendant act with a more-culpable mental state (purposefulness). *Ohio v. Thomas*, 533 N.E.2d 286, 289-90 (Ohio 1988).

By contrast, two offenses may be considered allied offenses of similar import where there is "'a recognized similarity between the elements of the crimes committed,' and where the facts of a case revealed that the same conduct by the defendant constituted the two offenses." *Ohio v. Ruff*, 34 N.E.3d 892, 896 (Ohio 2015) (citation omitted); *see also Ohio v. Johnson*, 942 N.E.2d 1061, 1072 (Ohio 2010) (O'Connor, J., concurring) ("In practice, allied offenses of similar import are simply multiple offenses that arise out of the same criminal conduct and are similar but not identical in the significance of the criminal wrongs committed and the resulting harm."). In cases like McGowan's, the offenses of kidnapping and robbery "are allied offenses of similar import where the restraint of the victim is merely incidental to the crime of robbery." *Ohio v. Dzelajlija*, 2008-Ohio-2039, 2008 WL 1903995, at *5 (Ohio Ct. App. May 1, 2008).

Judge Greenberg concluded that, where two allied offenses merge for the purpose of sentencing, Ohio law (a) permits the prosecution to choose between the two offenses and (b) requires the trial court to sentence the defendant according to the statutory provisions applicable to the offense on which the prosecution has chosen to proceed. (Doc. No. 15 at 49-50). Judge

Greenberg further concluded that Ground Four lacks merit because the appellate court reasonably concluded appellate counsel was not ineffective for failing to raise this claim during McGowan's direct appeal. (*Id.* at 50).

McGowan objects, claiming appellate counsel failed to make a reasonable investigation or objection concerning the allied-offense matter and that counsel failed to meaningfully test the prosecution's case. (Doc. No. 18 at 3). These objections are not persuasive.

This is not a case in which trial or appellate counsel failed to recognize that McGowan was being subjected to two convictions and two sentences for the same conduct. *See, e.g., Russell v. Wainwright*, 811 F. App'x 922, 927 (6th Cir. 2020) (concluding petitioner's appellate attorney "was deficient in his representation by failing to re-raise the merger argument" concerning petitioner's sentences for murder and robbery). Instead, the trial court correctly concluded McGowan's robbery and kidnapping charges resulted from the same conduct and therefore McGowan could only be convicted and sentenced as to one of those charges. *See* Ohio Rev. Code § 2941.25(A). Ohio law expressly provides that "[t]he choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense." *City of Maumee v. Geiger*, 344 N.E.2d 133, 137 (Ohio 1976).

Trial counsel had no ability to force the prosecution to choose one offense over the other. Thus, McGowan fails to show his appellate attorney rendered deficient performance or that the Third District Court of Appeals acted unreasonably in rejecting his claim. *Nichols*, 725 F.3d at 540 (A petitioner must show "the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of' *Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'") (citation omitted).

Therefore, I overrule McGowan's objection to Judge Greenberg's recommendation as to Ground Four and conclude Ground Four lacks merit.

9

## V. CONCLUSION

For the reasons stated above, I overrule McGowan's objections, (Doc. No. 18), to Judge Greenberg's Report and Recommendation, (Doc. No. 15), and adopt the Report and Recommendation in full. I conclude McGowan's four grounds for relief lack merit and dismiss his petition.

I also conclude McGowan fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability. (Doc. No. 19).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge